JAMES A. CROSSMAN.

*vs.*

EDWARD W. MORPHY.

Androscoggin.    Opinion January 20, 1927.

*Upon the plaintiff rests the burden of establishing the truth of his case by the preponderance of the evidence.*

In the instant case the plaintiff has failed to sustain the burden of proof, and, having failed in this, his cause must fall.

On report.    An action in assumpsit to recover $1949.51 which the plaintiff claims he overpaid to defendant by reason of an error unrecognized by each in the purchase by plaintiff from defendant of capital stock owned by him in a corporation all of the outstanding shares of capital stock of which was owned by them in equal amounts. Plaintiff contended that in an inventory and appraisal of the assets of the corporation for the purpose of determining the value of the capital stock the appraisers had placed upon shoes "in process" of manufacture the same value at which completed shoes were taken, while defendant claimed such inventory and appraisal were not to be conclusive on the parties, but rather for the purpose of affording bases for proposals, each to the other, to buy or sell his respective holdings.    After the evidence was taken out before a jury, by agreement of the parties, the cause was reported to the Law Court.    Judgment for the defendant.

The case fully appears in the opinion.

*Frank A. Morey*, for plaintiff.

*William B. Skelton*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, JJ.

DUNN, J.    In this action the plaintiff seeks to recover the sum of $1949.51 which he claims to have overpaid the defendant in con-

sequence of the error, then mutually unrecognized by them, that affected the purchase price in the capital stock transaction they had.

These litigants once owned in equal separate holdings, all the authorized and outstanding shares of a shoemaking corporation in Lewiston, except one share held by the third corporate director, of which share each major stockholder stood to and did regain the title to one-half.

One of the large stockholders said that he was desirous to sell all the stock and interest that he had to the other, or to buy all that other's. And the other replied that buying or selling there would be.

What was the fair worth of a share? The balance sheet of the company reflected certain accounts receivable at face value which at this time seemed undeserving to be rated thus. The ratings were changed, but matters different yet needed adjusting. So it was agreed to inventory and appraise all the remaining tangible assets of the concern and to cause its affairs to be audited.

When the appraisal and audit had been perfected, the defendant proposed in the alternative (1) to sell to the plaintiff; (2) to buy from the plaintiff—naming in each instance like price. The plaintiff chose to buy, and bought.

One day about three months later, the buyer insisted it had come to his notice since the purchase that the appraisers had valued shoes, but in the process of making, at only the same discount from selling price as would be applicable in the case of completed shoes, instead of the higher deduction previously fixed by the parties, wherefore the book value of the capital stock became excessively larger, and for the purchased shares there was paid and received as supposed consideration, in reciprocal ignorance on the part of buyer and seller of the appraisal inaccuracy, and at variance with the underlying agreement between them, the amount of money in controversy.

The seller said otherwise, and the plaintiff brought suit.

Plaintiff has the burden of establishing the truth of his case by the preponderance of the evidence. Witnesses, to be sure, should be weighed and not counted. The testimony of a single witness, and what it rationally implies, may carry conviction to the mind of the trier of facts more convincingly, more conclusively, than contrary evidence in greater numerical volume. Not so here.

The taking of the inventory and the making of the appraisal of the shoes in process was supervised by the plaintiff himself. Of the other

persons who had to do therewith, none while on the stand was asked whether he had been instructed, as, on the plaintiff's contention, it would have been consistent for the witness to have been, nor was such inquiry made of him who checked the appraisal figures, nor of the representative of the auditing firm, and what perhaps is of increased significance, the testimony of one disinterested witness is uncontradicted that the plaintiff paused in reading the auditor's report, and questioned touching the valuation on "in-process" shoes. The auditor answered, in substance, 20% from the total shoes of all kinds, without detail and without reference to the stage of manufacture; whereon the plaintiff rejoined, 'It is satisfactory to me.' And then the defendant spoke similarly.

Moreover, the testimony of the defendant, and the written offers which he submitted, not to pause for other things probative that can be permitted to remain in the background, negative that the inventory and apprasial were normally to evaluate the corporation stock, and tend to show the purpose thereof to have been that of affording bases for the making of proposals to buy or sell the respective holdings at market value.

The plaintiff has failed to sustain the burden of proof, and, having failed in this, his cause must fall.

On the authority of the report, the mandate will be

*Judgment for defendant.*